

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00002-CV
_____

IN THE INTEREST OF S.R.P. AND C.P., CHILDREN

_____

On Appeal from the 316th District Court of
Hutchison County, Texas
Trial Court No. 44,058, Honorable James Mosely, Presiding

_____

May 10, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Mother and Father appeal from an order terminating their parental relationship with S.R.P. and C.P.  We dismiss the appeal.

The trial court signed its order terminating the relationship on December 30, 2020. In it, it found that the two children were "Indian Children within the meaning of the Indian Child Welfare Act, 25 U.S.C. § 1901 et, seq." On January 5, 2021, the Citizen Potawatomi Nation moved for an order transferring the proceeding to the District Court for the Citizen Potawatomi Nation.  According to the Nation, transfer was warranted because "the children subject to this action are 'Indian children' within the meaning of the Indian Child Welfare Act.  25 U.S.C. § 1901 et seq."  The motion was granted, and the trial court

ordered the cause "transferred to the District Court for the Citizen Potawatomi Nation, Juvenile Division in Shawnee, Oklahoma, subject to declination by that Court."[1]  So too did it order the Department of Family Protective Services to remain as sole managing conservator until the court was notified that "the District Court of the Citizen Potawatomi Nation . . . accepted the transfer of jurisdiction over this child."  The latter court issued its own order, dated January 5, 2021, through which it accepted the transfer of jurisdiction and designated the "minor child" as a ward of that court.  Furthermore a copy of the January 5th order accepting transfer is part of the clerk's record filed here.

As explained by this Court in *In re Navajo Nation*, 587 S.W.3d 883, 888 (Tex. App.—Amarillo 2019, orig. proceeding), there are times when Texas and an Indian tribe may share jurisdiction over a child.  There also are times when the tribe has exclusive jurisdiction.  One such time is specified in 25 U.S.C. § 1911.  Subsection (a) of the federal statute provides:  "[w]here an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child."  Indian Child Welfare Act, 25 U.S.C. § 1911(a) (2021).

Both S.R.P. and C.P. fall within the category of a "minor child," the former having been born in 2016 and the latter in 2019.  Thus, they became wards of the Potawatomi Nation district court via its January 5th order.  The two being wards of that tribal court, the Citizen Potawatomi Nation obtained "exclusive jurisdiction" over them.  The Court of Appeals for the Seventh District of Texas is not a Potawatomi Nation tribal court.  That results in our loss of jurisdiction over the appeal.

---

[1] The order was signed on January 5, 2021, and within a period during which the trial court retained plenary jurisdiction over the proceeding.

We dismiss the appeal for want of jurisdiction.[2]

Per Curiam

---

[2] We informed the litigants about our jurisdictional concerns and afforded them opportunity to address them. Each suggested that we retained concurrent jurisdiction with the Potawatomi Nation tribal court. Yet, none discussed the impact of the children becoming wards of the tribal court and the federal statute assigning exclusive jurisdiction to the tribal court once that occurred.